FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2016 JAN 21   PM 2: 31

CLERK ... ... ... ...
WESTERN ... ... ... ...
BY _____

JEFFREY SCOTT FIELDS,
                Petitioner,

-vs-                                           Case No.  A-14-CA-052-SS

WILLIAM STEPHENS,
                Respondent.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Jeffrey Scott Fields's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1], Respondent's Answer [#16], Fields's response thereto [#28], Fields's rebuttal declarations in support [#29], Fields's brief in support [#30], the Report and Recommendation of the United States Magistrate Judge [#31] (R&R), Fields's Objections to the R&R [#37], and Fields's Motion for Certificate of Appealability [#38].  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders OVERRULING Fields's Objections, ACCEPTING the R&R, DENYING Fields's Petition, and DENYING Fields's Motion for Certificate of Appealability.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Fields is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1).



All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### I.     Procedural History

According to Respondent, the Director has lawful and valid custody of Fields pursuant to a judgment and sentence of the 390th District Court of Travis County, Texas, in cause number D-1-DC-04-904170. A jury found Fields guilty of aggravated assault causing serious bodily injury. Fields was subject to three sentence enhancements based on previous felony convictions. He was sentenced to life imprisonment to be served consecutively to another life sentence from a different criminal conviction.

Fields appealed, and the Third Court of Appeals of Texas affirmed his conviction and sentence. *Fields v. State*, No. 03-06-00106-CR, 2009 WL 638180 (Tex. App.—Austin Mar. 12, 2009). Fields did not initially file a petition for discretionary review (PDR) but did file a state application for a writ of habeas corpus. Among his sixteen grounds for relief, Fields asserted his appellate counsel had failed to notify him of his right to file a PDR after the Third Court of Appeals had rejected his appeal. On September 14, 2011, the Court of Criminal Appeals adopted the factual findings of the trial court, granted Fields relief on his claim regarding his PDR, and allowed him to file an out-of-time PDR. The Court of Criminal Appeals dismissed the remaining claims in Fields's application for habeas corpus relief. Ultimately, the Court of Criminal Appeals refused Fields's PDR, *Fields v. State*, PD-1564-11 (Tex. Crim. App. Feb. 29, 2012); and on May 16, 2012, it denied his motion for rehearing.

Fields then filed a second state application for a writ of habeas corpus. The Court of Criminal Appeals denied the application without written order. *Ex parte Fields*, WR-74,684-05, at cover (Tex. Crim. App. Nov. 27, 2013).

## II.    Factual Background

The evidence at trial showed that in December 2002, a woman known by the pseudonym Tina White worked for an escort service. She received a call from a man identifying himself as "Martin Jones," who requested her services. The two later met at a motel. During their discussion of payment, the man hit White's cell phone from her hand, lunged at her, knocked her to the floor, and choked her into unconsciousness. White awoke to find the man had removed her clothing from the waist down and was smoking crack cocaine on the bed. He refused to let her join him on the bed. When she attempted to sit on the bed, nonetheless, he again attacked her and choked her into unconsciousness. White awoke again and attempted to escape the hotel. The man again attacked her and choked her into unconsciousness. When White awoke the final time, the man ordered her to get her clothes and purse. He then snatched her purse, left the hotel, broke the driver's-side window of White's car, and then fled in her stolen car. DNA and fingerprint evidence linked Fields's to the hotel and to blood stains in White's car.[1]

## III.   Fields's Claims

Fields raises three primary grounds for relief:

1.    Fields's trial counsel was ineffective for:

    a.    failing to hire an expert witness;

---

[1] Fields objects to the factual background of the case. However, he does not deny this was the evidence presented at trial. Rather, he claims the victim testified falsely at trial.

      b.       failing to obtain a ruling on his pretrial motion to hire a private investigator;

      c.       failing to utilize DNA expert and evidence;

      d.       failing to investigate and present a defense of self defense at trial;

      e.       failing to object to, and request a jury instruction regarding, the court's admission of extraneous offenses; and

      f.       failing to object to the State's closing argument.

2.      Appellate counsel was ineffective for:

      a.       failing to move for a new trial; and

      b.       failing to raise meritorious grounds on appeal.

3.      The trial court erred by reappointing trial counsel for Fields's appeal, despite a purported conflict of interest.

## IV.    Evidentiary Hearing

Fields objects to the Magistrate Judge's determination that Fields is not entitled to an evidentiary hearing on his petition.  As explained by the Magistrate Judge, Fields's request is governed by section 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A)    the claim relies on–
>     (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Court agrees Fields has not pleaded allegations that would entitle him to a hearing.

## Analysis

### I.      Legal Standard

Federal habeas corpus relief is governed primarily by the Antiterrorism and Effective Death

Penalty Act of 1996, colloquially known as AEDPA. Section 2254 permits the granting of federal

habeas relief in only three circumstances: (1) when the state court's decision "was contrary to"

clearly established federal law as decided by the Supreme Court; (2) when the state court's decision

"involved an unreasonable application of" such law; or (3) when the decision "was based on an

unreasonable determination of the facts" in light of the record before the state court. *Harrington v.*

*Richter*, 131 S. Ct. 770, 783–85 (2011) (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S.

362, 412 (2000)). State court factual determinations are presumed to be correct unless the petitioner

rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### II.     Application

### A.      Ineffective Assistance of Trial Counsel

Fields alleges trial counsel was ineffective for (1) failing to hire an expert witness, (2) failing

to obtain a ruling on his pretrial motion to hire a private investigator, (3) failing to utilize DNA

expert and evidence, (4) failing to investigate and present a defense of self defense at trial, (5) failing

to object to, and request a jury instruction regarding, the court's admission of extraneous offenses,

and (6) failing to object to the State's closing argument.

Claims of ineffective assistance of counsel are governed by the United States Supreme

Court's familiar two-pronged standard set forth in *Strickland v. Washington*:

> First, the defendant must show that counsel's performance was deficient. This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984).

To establish deficient performance, Fields must show his counsel's actions were not "reasonable in light of all the circumstances," overcoming the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998) (quoting *Strickland*, 466 U.S. at 689). To establish prejudice, Fields must show "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). Fields's counsel was not "required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Nor will his counsel's performance be considered "deficient for failing to press a frivolous point." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

The Fifth Circuit has further clarified the operation of the *Strickland* standard in the AEDPA context:

It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made [the *Strickland*] showing. Instead, the test is whether the state court's decision—that [the petitioner] did *not* make the *Strickland* showing—was contrary to, or involved an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim.

*Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). This Court's review of Fields's ineffective assistance of counsel claims is thus "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (internal quotation marks omitted).

The Magistrate Judge thoroughly analyzed and rejected each of Fields's claims. In particular, the Magistrate Judge explained Fields's unsupported allegation that an unspecified medical witness should, and could, have been called is insufficient to warrant habeas corpus relief. Similarly, Fields failed to provide sufficient information to warrant relief on his claim regarding DNA evidence. The Magistrate Judge also pointed out Fields misstated the facts with regard to his claim about the private investigator. In addition, Fields failed to show counsel was deficient due to his failure to pursue a defense of self defense or that Fields was prejudiced thereby. Similarly, the Magistrate Judge found no merit in Fields's claim that counsel was deficient in failing to object to and request a jury instruction regarding the trial court's admission of extraneous offenses. Finally, the Magistrate Judge explained comments made during closing arguments were correct statements of the evidence, and counsel had no reason to object.

Having independently reviewed the entire state court record, this Court agrees with the Magistrate Judge and finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Fields's claim that he received ineffective assistance of trial counsel.

**B.      Ineffective Assistance of Appellate Counsel**

In his second ground for relief, Fields asserts his appellate counsel, who was the same attorney as at trial, provided ineffective assistance. As with claims of ineffective assistance of trial counsel, claims of ineffective assistance of appellate counsel are reviewed under the two-part *Strickland* test. *Loden v. McCarty*, 778 F.3d 484, 501 (5th Cir. 2015). Therefore, Fields must show

-7-

his appellate attorney's performance was deficient and the deficient performance prejudiced his defense. *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013).

Fields first asserts appellate counsel refused his request to move for a new trial, and instead, Fields had to file his own pro se motion, which the trial court rejected because it was not filed by counsel. Next, Fields asserts appellate counsel was ineffective for raising only one issue on appeal regarding testimony of Fields's crack-cocaine use during the offense. Fields contends counsel could have raised numerous other meritorious issues on appeal, and his failure to do so constitutes ineffective assistance.

The Magistrate Judge considered and rejected each of Fields's claims for relief. Having independently reviewed the entire state court record, this Court agrees with the Magistrate Judge and finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Fields's claim that he received ineffective assistance of appellate counsel.

## C.    Trial Court Error

In his final ground for relief, Fields asserts the trial court violated his Sixth and Fourteenth Amendment rights by refusing to appoint new counsel on appeal. He says allowing trial counsel to represent him on appeal presented a conflict of interest, which Fields did not waive. He argues the trial court should have granted Fields's motion to appoint new counsel on appeal.

Once again, the Magistrate Judge considered and rejected Fields's claim for relief. The Court explained, because Fields failed to establish his attorney acted under a conflict of interest, his claim against the trial court has no merit.

**Conclusion**

After consideration of Fields's extensive objections to the Magistrate Judge's R&R, they are overruled.  The Court agrees with the Magistrate Judge.  Fields has not shown the state habeas court's rejection of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).  Accordingly, Fields's claims for federal habeas corpus relief are denied.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Fields's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Jeffrey Scott Fields's Objections [#37] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#31] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Jeffrey Scott Fields's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DENIED;

IT IS FINALLY ORDERED that Petitioner Jeffrey Scott Fields's Motion for a Certificate of Appealability [#38] is denied.

SIGNED this the 21ˢᵗ day of January 2016.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE